IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:21-CR-39-ALM-BD |
| | § | |
| MUSTAFA KHALAF | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Mustafa Khalaf's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on September 23, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Doug Schopmeyer of the Federal Public Defender's Office. The Government was represented by Sean Taylor.

Defendant was sentenced on May 31, 2022, before The Honorable Amos L. Mazzant, III, of the Eastern District of Texas after pleading guilty to the offense of Possession of Stolen Mail, a Class D felony. This offense carried a statutory maximum imprisonment term of five years. The guideline imprisonment range, based on a total offense level of six and a criminal history category of VI, was 12 to 18 months. Defendant was subsequently sentenced to 18 months imprisonment to be followed by a three-year term of supervised release, subject to the standard conditions of release, plus special conditions to include: financial disclosure; psychoactive substances prohibition; substance abuse treatment; mental health treatment; and a $100 special assessment. On September 9, 2022, Defendant completed his period of imprisonment and began service of the supervision term. Defendant's case was submitted in Capture on August 31, 2022, for sentencing computation. Upon review of all documents, it was determined the sentence of 18 months would

have expired on May 14, 2022, once the application of all jail credit was taken into account. He was not released from custody until September 9, 2022, resulting in him having 118 days of over-served time which will be applied to any future computation for a supervised release violation in this case. On November 7, 2022, Defendant's conditions of supervision were modified to include a special condition ordering that he must reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and must observe the rules of that facility.

On July 26, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision. (Dkt. #62, Sealed). The Petition asserts that Defendant violated five conditions of supervision, as follows: (1) (mandatory) Defendant must not commit another federal, state, or local crime; (2) (mandatory) Defendant must not unlawfully possess a controlled substance; (3) (mandatory) Defendant must refrain from any unlawful use of a controlled substance; (4) (special) Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by Defendant's treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing; and (5) (standard) Defendant must report to the probation office in the federal judicial district where Defendant is authorized to reside within 72 hours of the time Defendant was sentenced, unless the probation officer instructs Defendant to report to a different probation office or within a different time frame. (Dkt. #62 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On July 12, 2024, officers with the Fort Worth Police Department ("FWPD") were dispatched to Defendant's

brother's residence based on a report of vehicle vandalism. During that conversation, it was reported that on May 13, 2024, the FWPD was contacted based on the same conduct. On July 12, 2024, Defendant's brother told police that Defendant had been harassing him at his job site as well. Defendant's brother reported fear for his safety and believed his brother, Defendant, is capable of killing him, according to the report. It is noted that Defendant's brother indicated the vandalism of his vehicle occurred on multiple occasions, including May 15, May 22, June 17, July 12, and July 17, 2024. Defendant's brother provided pictures and videos to substantiate the damage, as noted in the police report. For this alleged conduct, Defendant is currently a suspect for the felony offense of Stalking in violation of Texas Penal Code § 42.072(B). No charges have been filed and the matter remains pending; (2) & (3) On July 19, 2024, Defendant's supervising U.S. Probation Officer Aylin McFarland made contact with Defendant at his residence. At that time, Defendant provided a verbal and written admission to using methamphetamine sporadically for the past three months. Additionally, on July 22, 2024, Defendant reported to the Dallas U.S. Probation Office in Dallas, Texas for an administrative hearing and subsequently submitted a urine sample which tested presumptive positive for methamphetamine; (4) Defendant's supervising U.S. Probation Officer reported that contact with his mental health treatment provider (Tarrant County MHMR) revealed that between May and July 2024, Defendant had been seen for his psychotropic injection on May 29, 2024, but missed a June 26, 2024, appointment. It was also discussed that it appeared he had not been obtaining his medication refills as directed between April and June 2024. Additionally, on July 19, 2024, Defendant's supervising U.S. Probation Officer Aylin McFarland contacted Defendant at his residence, and he verbally admitted he had not been taking his medications as prescribed; and (5) Defendant completed his term of imprisonment on September

9, 2022, and failed to report to the U.S. Probation Office within 72 hours of being released. Defendant's whereabouts at the time were unknown. (Dkt. #62 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegations (1) and (4). Defendant entered a plea of true to allegations (2), (3), and (5) of the Petition.

Having considered the Petition and the plea of true to allegations (2), (3), and (5), the court finds that Defendant did violate his conditions of supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twenty-one (21) months with no supervised release to follow.

The court further recommends that allegations (1) and (4) of the Petition be dismissed.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in the Seagoville, Texas area, if appropriate.

**SIGNED this 7th day of October, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE